IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOTT KONITZER aka
DONNA DAWN KONITZER,

        Plaintiff,

  v.

PRAPTI P. KUBER, AMY EPPING,
JENNIFER R. ROSENBAUM,
BARBARA BERGSTROM,
and JANE DOE,

        Defendants.

OPINION AND ORDER

23-cv-19-wmc

---

*Pro se* plaintiff Scott Konitzer, also known as Donna Dawn Konitzer,[1] is incarcerated at Racine Correctional Institution, which is located in the Eastern District of Wisconsin. Konitzer alleges that defendants, including a Jane Doe defendant and a non-state employee defendant, provided inadequate medical care for her serious cough and related symptoms in violation of her Eighth Amendment and state-law rights. The state defendants, Prapti P. Kuber, Amy Epping, and Barbara Bergstrom, move to transfer venue to the Eastern District. (Dkt. #19.) Although Konitzer objects, the court will grant the motion for the following reasons.

OPINION

To start, the court must determine whether venue is proper in this district. Venue is proper where the defendants to a lawsuit reside or where the events giving rise to the claim took place. 28 U.S.C. § 1391(b). "The district court of a district in which is filed a

---

[1] Konitzer is a transgender prisoner who refers to herself with feminine pronouns, and the court will respect this choice.

case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Absent authority from the state defendants suggesting that this court can conclude that venue is improper when the residences of yet-to-be identified defendants are unknown, the court cannot definitively find improper venue, although it seems more probable than not given that the Jane Doe defendant, too, worked at the Racine Correctional Institution. Still, plaintiff does not dispute that the alleged events underlying this case occurred at Racine Correctional where plaintiff is incarcerated. Moreover, the state defendants all resided in the Eastern District at the time of the alleged underlying events in this case and reside there today, either in Waukesha or Racine County. The same is true for non-state defendant Jennifer Rosenbaum, who lived in that district at the time and was served with the summons and complaint at an address in Racine County.[2] However, because the Jane Doe defendant has not yet been identified, the court cannot conclude with certainty that *none* of the defendants resided within this district at the time this lawsuit was filed.

Regardless, the court agrees with the state defendants that the convenience of the parties and witnesses favors transfer to the Eastern District. A federal district court may transfer an action to another district where venue is proper for "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "Determining

---

[2] The clerk entered default against Rosenbaum after she failed to answer or otherwise respond to the complaint. (Dkt. #22.) The court set plaintiff a deadline of October 5, 2023, to move for default judgment against this defendant under Federal Rule of Civil Procedure 55(b), but plaintiff has yet to do so. (Dkt. #23.)

2

whether these criteria are met requires an analysis of (1) the plaintiff's choice of forum; (2) the convenience to parties; (3) the convenience to witnesses; and (4) the interests of justice." *Illumina, Inc. v. Affymetrix, Inc.*, No. 09-cv-277-bbc, 2009 WL 3062786, at *2 (W.D. Wis. Sept. 21, 2009).

As for plaintiff's choice of forum, substantial deference is generally due, but it has minimal value if the underlying events occurred in another forum, especially if it is not plaintiff's home forum. *Chicago, R.I. & P.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955); *Almond v. Pollard*, No. 09-cv-335-bbc, 2010 WL 2024099, at *2 (W.D. Wis. May 18, 2010). As noted, the underlying events in this case occurred in the Eastern District, and plaintiff remains incarcerated there. Finally, even though plaintiff indicates plans to move to this district after her release, she is not eligible for parole for another three years.

As for the convenience of the parties and witnesses, plaintiff and all identified defendants reside in the Eastern District and are much closer to court in Milwaukee than to this court in Madison. As noted, since the unidentified Doe defendant is an employee at Racine Correctional like the other defendants, she likely lives in the same area or at least is readily able to attend trial in Milwaukee. Because the underlying events also took place in the Eastern District, witnesses and records are likely to be located there as well. Although plaintiff correctly notes that there would be travel expenses regardless of where this case is heard, it would surely be more convenient for the parties and witnesses to attend court in the Eastern District than in this district.

Finally, the interests-of-justice factor includes "such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the

3

applicable law try the case." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989) (alteration adopted). Courts also may consider "the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *In re Ryze Claims Sols., LLC*, 968 F.3d 701, 708 (7th Cir. 2020). The community served by the Eastern District of Wisconsin has a strong interest in resolving claims involving conditions of confinement at Racine, the judges in that district are equally familiar with the applicable law, and there is no suggestion that a transfer to the Eastern District would result in a significant delay of this case's resolution.

In response, plaintiff argues that the state defendants should have filed this motion before answering and that she relied on these defendants' admission to venue in their answer. In fairness, the state defendants' answer does not raise the defense of improper venue (dkt. #13), and they did not file their motion until about two months after answering. However, the motion was still filed very early in this case, before the court held a preliminary pretrial conference or has expended unnecessary resources, and plaintiff does not explain how she has been prejudiced by her reliance on this case being heard in this district. *Cf. Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*, 364 F.3d 884, 888 (7th Cir. 2004) (in determining whether a defendant forfeits the defense of improper venue by tardily raising it, courts may consider whether the delay inconvenienced the plaintiff or caused "wasted motion by the court"); *Friedman v. World Transp., Inc.*, 636 F. Supp. 685, 687-88 (N.D. Ill. 1986) (defense of improper venue not waived even though defendant raised it in a motion to dismiss filed shortly after an

answer that did not mention venue, partly because defendant still raised the venue defense relatively "promptly").

Regardless, because the balance of factors still strongly favors transfer, the court will grant the state defendants' motion and transfer this case to the Eastern District under 28 U.S.C. § 1404(a).

ORDER

IT IS ORDERED that:

1) The state defendants' motion to dismiss or transfer venue (dkt. #19) is GRANTED.

2) This case is TRANSFERRED to the Eastern District of Wisconsin.

Entered this 9th day of November, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

5